IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL SALAZAR,

    Plaintiff,

v.                                               No. 1:17-cv-01078 MCA/KRS

STATE OF NEW MEXICO,
NEW MEXICO CORRECTIONS DEPARTMENT,
NORTHEASTERN NEW MEXICO DETENTION CENTER,
GEO-CORP., CORIZON, AND DR. MARK E. WALDEN,

    Defendants.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

Before the Court is Plaintiff's civil rights complaint (Doc. 1). Plaintiff is incarcerated, appears *pro se*, and is proceeding *in forma pauperis*. He alleges claims arising out of sexual assault by prison healthcare provider Dr. Mark Walden. After reviewing the complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), the Court will require Plaintiff to show cause why the complaint should not be dismissed as untimely.

Plaintiff brings his claims under 42 U.S.C. § 1983, which is the proper vehicle for raising a constitutional violation. *See Brown v. Buhman,* 822 F.3d 1151, 1161 n. 9 (10th Cir. 2016) (Section 1983 is the "remedial vehicle for raising claims based on the violation of constitutional rights"). Civil rights claims arising in New Mexico under § 1983 are governed by the three-year personal injury statute of limitations contained in N.M.S.A. 1978 § 37-1-8. *See Varnell v. Dora Consolidated School District,* 756 F.3d 1208, 1212 (10th Cir. 2014) ("for § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims"). The statute of limitations commences as soon as the plaintiff has been apprised of the general nature of the injury. *Wallace v. Kato,* 549 U.S. 384, 391 (2007); *Harvey v. United States,* 685 F.3d 939, 949 (10th Cir. 2012). Unfortunately, the nature

and extent of the injury is not relevant to the analysis. *Id.*

When the allegations suggest an action is time barred, the Court may raise the statute of limitations *sua sponte* and provide plaintiff an opportunity to respond. *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1094 (10th Cir. 2009) ("[A] district court may not *sua sponte* dismiss a prisoner's § 1983 action on the basis of the statute of limitations unless it is clear from the face of the complaint that there are no meritorious tolling issues, or the court has provided the plaintiff notice and an opportunity to be heard on the issue."). In this case, Plaintiff alleges the wrongdoing occurred on October 18, 2011, over six (6) years before he filed the complaint. (Doc. 1, p. 2). It appears the statute of limitations expired in 2014. Plaintiff's exhibits appear to demonstrate that he filed an Inmate Grievance that year which may, under some circumstances, toll the applicable unexpired statute of limitations pending its resolution. *See Roberts v. Barreras*, 484 F.3d 1236, 1238 (10th Cir.2007) ("[T]he filing of a mandatory administrative grievance tolls the statute of limitations for § 1983 and Bivens claims."). However, the exhibits do not demonstrate when the Inmate Grievance was resolved.

Based on the foregoing, the Court will require Plaintiff to show cause why the complaint should not be dismissed as time-barred, including addressing any arguments for tolling the statute of limitations. If Plaintiff fails to timely respond or adequately demonstrate grounds for tolling, the Court may dismiss this action with prejudice and without further notice.

**IT IS**, **THEREFORE, ORDERED** that Plaintiff shall, within thirty (30) days of entry of this Order, show cause why his complaint should not be dismissed as untimely, including addressing any arguments for tolling the statute of limitations.

_____
UNITED STATES MAGISTRATE JUDGE