IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL A. SALAZAR,

 Plaintiff,

v.               No. 1:17-cv-01078 JAP/KRS

STATE OF NEW MEXICO,
NEW MEXICO CORRECTIONS DEPARTMENT,
NORTHEASTERN NEW MEXICO DETENTION CENTER,
GEO-CORP.,
CORIZON, AND
DR. MARK E. WALDEN,

 Defendants.

**MEMORANDUM OPINION AND ORDER**
**DISMISSING PLAINTIFF'S CIVIL RIGHTS COMPLAINT**

  Plaintiff Michael Salazar seeks damages following an alleged assault by prison healthcare provider Dr. Mark Walden. *See* PRISONER CIVIL RIGHTS COMPLAINT (Doc. No. 1) (Complaint). Plaintiff is incarcerated, appears *pro se*, and is proceeding *in forma pauperis*. *See* ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 5). After reviewing the matter *sua sponte* under 28 U.S.C. § 1915(e)(2), the Court will dismiss the Complaint as time-barred.

  Plaintiff filed his Complaint on October 30, 2017. He alleges that on October 18, 2011, he visited Dr. Mark Walden at the prison medical unit for a routine physical exam. (Comp. at 2-3). During the exam, Walden allegedly touched Plaintiff's genitals without using gloves. *Id.* Plaintiff did not report the incident at the time because he thought no one would believe him. *Id.* Plaintiff later learned from news reports and other inmates that Walden conducted the exams for sexual gratification. *Id.* The Complaint seeks unspecified money damages under 42 U.S.C. §

1983 and the Eighth and Fourteen Amendments. (Comp. at 2, 5).

The Court screened the Complaint in accordance with 28 U.S.C. § 1915 and determined it may be time barred. Civil rights claims arising in New Mexico under § 1983 are governed by the three-year statute of limitations contained in N.M.S.A. 1978 § 37-1-8 (1978). *See Varnell v. Dora Consolidated School District,* 756 F.3d 1208, 1212 (10th Cir. 2014) ("[F]or § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims"). "A § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks omitted). Plaintiff alleges the injury occurred in 2011, six years before he filed the Complaint. (Comp. at 2, 7).

By a MEMORANDUM OPINION AND ORDER TO SHOW CAUSE entered November 7, 2017 (Doc. No. 6), the Court directed Plaintiff to show cause why the Complaint should not be dismissed. Plaintiff filed a RESPONSE TO THE COURT'S MEMORANDUM OPINION AND ORDER TO SHOW CAUSE on December 15, 2017 (Doc. No. 7) (Response). Three months later, Plaintiff filed SUPPLEMENTAL EXHIBITS TO THE COMPLAINT (Doc. No. 9) (Supplement), which support his Response. Plaintiff appears to seek equitable tolling because his informal grievance was pending during the three-year limitation period.[1] (Resp. at 2-3). "[Q]uestions of tolling … are determined by state law in § 1983 actions." *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014). New Mexico law provides that the limitation period is tolled while a prisoner is pursuing mandatory grievance proceedings, but this tolling lasts

---

[1] Plaintiff also mentions that prison mail is sometimes delayed by a month. (Resp. at 2). It is unclear how this relates to tolling, as a one-month mail delay does not explain why Plaintiff filed the Complaint nearly three years after expiration of the limitation period.

only as long as the grievance process "'continue[s] in force.'" *Roberts v. Barreras*, 484 F.3d 1236, 1243 (10th Cir. 2007) (quoting N.M. Stat. Ann. § 37-1-12).

In this case, the three year limitation period started running on October 18, 2011, when Walden committed the alleged abuse. (Comp. at 2-3). On March 3, 2014 - with 229 days left in the limitation period - Plaintiff filed his informal grievance, thereby stopping the clock. (Resp. at 3). Plaintiff's "Attachment 5" demonstrates that the grievance was resolved on April 25, 2014, thereby restarting the clock. (Supp. at 2). The three-year limitation period expired 229 days later on December 10, 2014. Plaintiff's 2017 Complaint is therefore time-barred.

Plaintiff's argument that he is still waiting on results from a global settlement does not change the result. (Resp. at 2-3; Supp. at 1). Plaintiff's exhibits demonstrate he previously submitted a claim and participated in a settlement involving Walden, and that he now wishes to pursue his own individual suit. (Supp. at 3-4). However, prison officials made it clear that the internal grievance process would not "continue in force" by virtue of that claim. The grievance states:

> This is in response to your correspondence you filed concerning the investigation of Dr. Walden. The issue is currently under investigation and there will be no action taken until it has been completed and resolved. Your name has been included in that investigation process and once the legal process is completed, the Court's decision will be the relief granted to you.
>
> Your complaint is considered resolved.

(Supp. at 2). Therefore, Plaintiff's participation in the settlement did not extend the grievance process or otherwise impact the statute of limitations applicable to this suit.

Based on the forgoing, the Court concludes that Plaintiff's Complaint is time-barred. The Complaint must be dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which

relief can be granted. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim.").

IT IS THEREFORE ORDERED that Plaintiff's PRISONER CIVIL RIGHTS COMPLAINT (Doc. No. 1) is DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that a separate JUDGMENT will be entered disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE